UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alfrigh Williams, | ) | C/A No. 5:16-cv-03192-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (partial summary dismissal) |
| | ) | |
| Ruby Brockenberry; | ) | |
| South Carolina Department of Corrections; | ) | |
| Belinda E. Timmons; | ) | |
| John Carter; | ) | |
| Kenneth Newsome; | ) | |
| Gary Leamon; | ) | |
| Charles Reeves; | ) | |
| C. West; | ) | |
| Stacy Carter, and | ) | |
| E. Bittinger, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Alfrigh Williams ("Plaintiff") is a prisoner currently confined at the Walden Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In his Complaint, Plaintiff alleges he was not provided with due process in connection with a disciplinary action arising from a fight among fellow prisoners. Compl. 6, ECF No. 1. He sues SCDC and all officers

involved and the Disciplinary Hearing Officer ("DHO"). He also claims that he was subjected to malicious prosecution in state court and sues the SCDC officer who allegedly submitted a false affidavit for the arrest warrant (Brockenberry) and the county magistrate who issued the warrant (Timmons). Plaintiff also names two fellow prisoners as Defendants (John Carter, Newsome) and alleges they conspired with Defendant Brockenberry to maliciously prosecute him by providing false statements during the investigation. *Id*. at 5-6. According to Plaintiff, the state criminal charges were dismissed/nolle prossed and the disciplinary violation conviction was overturned at Step 1. *Id*. at 5, 9. Plaintiff asks for damages from each Defendant in the amount of $20,000.00.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a

2

clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

The Complaint is subject to partial summary dismissal insofar as it seeks to hold SCDC liable for damages in this court because the state agency is entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. As a state agency, SCDC is considered an integral part of the State of South Carolina. *See* S.C. Code Ann. § 24-1-30 (statute creating the agency of Department of Corrections); *Fla. Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (same); *Laudman v. Padula*, No. 3:12-2382-SB, 2013 WL 5469977, at *7 (D.S.C. Sept. 30, 2013) (dismissing claims against state agency). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

Under *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 n.9 (1984), a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. South Carolina Code § 15-78-20(e), a part of the South Carolina Tort Claims Act (SCTCA), expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (1985) (opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). Thus, regardless of whether this court liberally construes Plaintiff's allegations against SCDC as an attempt to state a federal constitutional-violation claim under 42 U.S.C. § 1983[1] or as a state-law-based claim under the SCTCA, Plaintiff fails to state a plausible claim against this state agency. *See, e.g.*, *DeCecco v. Univ. of S.C.,* 918 F. Supp. 2d 471, 498 (D.S.C. 2013) (finding that even if the SCTCA allowed plaintiff's gross negligence claim against the agency to proceed in state court, "it would not allow it to proceed in federal court"); *Lockhart v. S.C. Dep't. of Corr.,* No. 2:13-cv-1345-MGL, 2013 WL 3864052, at *2 (D.S.C. July 24, 2013) ("Plaintiff's Complaint seeking monetary damages in this court pursuant to the S.C. Tort Claims Act is subject to summary dismissal based on the Eleventh Amendment's grant of sovereign immunity to the State of South Carolina and its integral parts."); *Swinton v. Allen,* No. 3:12-cv-1587-CMC, 2013 WL 3197077, at *4

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badges of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

(D.S.C. June 21, 2013) (finding an agency of the state would be entitled to Eleventh Amendment immunity in federal court and that a claim against the agency pursuant to the SCTCA must be brought in state court), *aff'd*, 548 F. App'x 941 (4th Cir. 2013); *King v. Ozmint,* No. 0:11-cv-1455-TLW-PJG, 2012 WL 4092689, at *3 (Aug. 17, 2012) ("[T]he SCTCA requires the agency or political subdivision to be substituted when an employee is individually names, and the agency is similarly entitled to Eleventh Amendment immunity in federal court."), *report adopted*, 2012 WL 4092661 (D.S.C. Sept. 18, 2012).

Additionally, the Complaint is subject to partial summary dismissal insofar as it seeks to hold Defendant Timmons liable for damages. Plaintiff's only reference to Defendant Timmons is that "Defendant Brockenberry sworn out arrest warrant before defendant Timmons where there was insufficient probable cause to issue for arrest of plaintiff on 11-5-15." ECF No. 1 at 5. To the extent this mention could be construed as asserting that Defendant Timmons wrongfully issued an arrest warrant in connection with the performance of her judicial duties as a county magistrate involving consideration of applications for warrants, the Complaint is subject to partial summary dismissal. Defendant Timmons is entitled to absolute judicial immunity for judicially-related decisions and activities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). In *Pierson v. Ray*, 386 U.S. 547 (1967), the Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. The Court presented its rationale in applying the doctrine of judicial immunity:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the

> benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences" . . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

386 U.S. 547, 553-54.

Furthermore, the Complaint is subject to partial summary dismissal insofar as it seeks to hold fellow inmates, John Carter and Kenneth Newsome, liable for allegedly providing false statements during an investigation because neither of them is a state actor. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendants deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 457 U.S. 922, 937 (1982); *see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen  Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir. 1991).

Whether a private individual's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly

treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised coercive power or has provided significant encouragement in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority," *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991), such as by reporting a crime or making statements about suspected criminal activity to police. *See, e.g.*, *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68 (3d Cir. 2006) ("However, in the absence of a conspiracy with the police to violate constitutional rights, a business's summons of a police officer to deal with a possible disturbance, does not make it a state actor."); *Palmerini v. Burgos*, No. 10-cv-210 (FLW), 2011 WL 3625104, at \*6 (D.N.J. Aug. 15, 2011); *Warner v. Sweeney*, No. 05-cv-2871 (JBS), 2005 WL 2257925, at \*3 (D.N.J. Sept. 12, 2005).

Here, the only allegations against John Carter and Kenneth Newsome are that they gave false statements about a fight among inmates during an investigation into the fight. ECF No. 1 at 6. Despite Plaintiff's use of the conclusory terminology "in cahoot(s)," *id.*, his allegations do not show any particular nexus or unusually close relationship between Defendants and law enforcement officials supporting any claim of state action in connection with the statements of which Plaintiff complains. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must contain sufficient facts to support a claim, not mere labels and legal conclusions). Thus, Plaintiff's allegations do not establish federal-question jurisdiction over this case insofar as the actions of John Carter and Kenneth Newsome are concerned. As a result, Plaintiff's broad assertion of what he labels a "state tort(s)" of "conspiracy" involving Defendants Brockenberry, Carter, and Newsome, ECF No. 1 at 6, does not save the Complaint from partial summary dismissal as to Carter and Newsome, who are not state actors. In the absence of

federal-question jurisdiction over a particular party, this court cannot exercise supplemental jurisdiction to consider a state-law based claim against that party. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1996) ("federal courts generally have discretion to retain or dismiss state law claims when the federal basis for an action drops away").

IV.     Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* as to Defendants SCDC, Timmons, John Carter, and Newsome. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint is being served on all other Defendants.

IT IS SO RECOMMENDED.

November 18, 2016                                                    Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).