UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alfrigh Williams, | ) | C/A No.: 5:16-cv-03192-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Ruby Brockenberry, Gary Leamon, | ) | |
| Charles Reeves, C. West, Stacy Carter, | ) | |
| and E. Bittinger | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On December 27, 2016, Defendants filed a Motion to Dismiss for Failure to State a Claim. ECF No. 32. As Plaintiff is proceeding pro se, the court entered an order on December 27, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 33. Plaintiff was specifically advised that if he failed to respond adequately by January 27, 2017, Defendants' Motion may be granted, thereby ending Plaintiff's case against them. *Id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order Plaintiff failed to respond to Defendant's Motion for Summary Judgment.

On February 2, 2017, the court ordered Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motion to Dismiss by March 2, 2017. ECF No. 37. Plaintiff filed no response. As such, it appears to the court that he does not oppose Defendants' Motion and wishes to abandon his action. Based on the foregoing, the undersigned recommends Plaintiff's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must

balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

March 7, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**